IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|---|---|---|
| **UNITED STATES OF AMERICA** | : |                              |
|                              | : |                              |
| v.                           | : | Case No.: 22-CR-118 (DLF)    |
|                              | : |                              |
| **JACOB GARCIA,**            | : |                              |
|                              | : |                              |
| Defendant.                   | : |                              |
|                              | : |                              |

## JOINT REQUEST FOR MODIFICATION OF THE DEFENDANT'S PROBATION

Pursuant to the Court's June 13, 2024 Minute Order, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Jacob Garcia, with the concurrence of his attorney, submit this joint request for modification of the defendant's probation. The parties request that the Court modify the defendant's sentence to remove the special condition of 30 days of intermittent confinement (ECF No. 33 at 4) and replace it with 30 days of home detention enforced through location monitoring.

### I.     PROCEDURAL HISTORY

The defendant participated in the January 6, 2021 attack on the United States Capitol. ECF Nos. 20 and 26. On March 7, 2022, the United States charged the defendant by criminal complaint with violating 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G). ECF No. 1. On March 18, 2022, law enforcement officers arrested Garcia in Fort Worth, Texas. ECF No. 5. On April 4, 2022, the United States charged the defendant by a four-count Information with violating 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G). ECF No. 8.

On October 20, 2022, pursuant to a plea agreement, the defendant pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G). ECF Nos.

19 and 20; October 20, 2022 Minute Entry. On January 23, 2023, the defendant was sentenced by the Court to 24 months of probation. ECF No. 33 at 2. The Court added several special conditions, one of which was that the defendant "serve a total of 30 days intermittent confinement . . . served for 15 weekends, within the first year of probation." *Id*. at 4.

On May 7, 2024, more than one year after this Court imposed a sentence of probation, the United States Probation Office asked for the government's position regarding modification of the defendant's probation to remove the special condition of intermittent confinement because, "At this time, the Federal Bureau of Prisons is not allowing individuals to serve intermittent confinement." The government informed Probation of its objection to this modification the same day, noting that logistical hurdles should not thwart the Court's rationale and order for imposing punishment. On June 13, 2024, the District of Columbia Probation Office filed a petition with the Court to modify the defendant's probation to remove the special condition of intermittent confinement and replace it with 90 days of location monitoring. ECF No. 34. The same day, the Court denied the petition and ordered the parties to submit a memorandum that contains a recommendation for the Court.

The government then inquired with the Bureau of Prisons (BOP) regarding the availability of intermittent confinement and learned that the BOP does allow intermittent confinement imposed as a special condition of probation or supervised release; however, the Court's Judgment in this case had not been transmitted to BOP through official channels so that the defendant could be designated to a facility to serve the period of intermittent confinement.

II.   **REMEDIES AVAILABLE TO THE COURT**

Intermittent confinement is authorized under 18 U.S.C. § 3563(b)(10), which provides that the Court can impose intermittent confinement as a condition " . . . during the first year of the term

of probation or supervised release". Thus, when this Court sentenced the defendant to a term of probation with intermittent confinement as a special condition, that part of the Judgment conformed to the authorization provided under Section 3563(b)(10). The first year of the defendant's probationary term has elapsed.

Accordingly, the parties jointly request the Court to modify the defendant's sentence to remove the condition of intermittent confinement and replace it with 30 days of home detention enforced by location monitoring. Under 18 U.S.C. § 3563(c), the Court may modify conditions of probation at any time prior to the termination of the term of probation, pursuant to the procedures set forth in Fed. R. Crim. P 32.1(c) and (d) (*e.g.* by holding a hearing and imposing any modification that satisfies the factors of 18 U.S.C. § 3553(a)). *See United States v. BAE Sys. PLC*, 2010 WL 2293412, at *1 (D.D.C. June 4, 2010).

Section 3563(b)(19) authorizes a court to impose a condition of probation requiring that a defendant:

> remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephone or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration[.]

*Id*. Here, the parties are jointly recommending home detention enforced by location monitoring as an alternative to the intermittent confinement that was part of the original sentencing judgment.

### III.     CONCLUSION

The parties request the Court modify the defendant's sentence to remove the special condition of 30 days of intermittent confinement and replace it with 30 days of home detention enforced through location monitoring.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _____
Brian Brady
Trial Attorney, Department of Justice
DC Bar No. 1674360
1301 New York Ave. N.W., Suite 800
Washington, DC 20005
(202) 834-1916
Brian.Brady@usdoj.gov

*/s/ Matthew J. Smid*
Matthew J. Smid
301 Commerce Street, Suite 2001
Fort Worth, TX 76102
817.332.3822 (t)
817.332.2763 (f)
matt@mattsmidlaw.com
TX Bar No. 24063541