# UNITED STATES DISTRICT COURT
**PROBATION AND PRETRIAL SERVICES**
**NORTHERN DISTRICT OF TEXAS**



**BUD ERVIN**
CHIEF

**WAYNE MCKIM**
DEPUTY CHIEF

**EDITH FOSTER**
**NIQUITA LOFTIS**
**JACQUELINE FONTENOT**
**JESUS PEREZ**
ASSISTANT DEPUTY CHIEFS

501 W. 10th Street
Rm. 406
Fort Worth, Texas 76102
214-406-2238
www.txnp.uscourts.gov

July 8, 2024

Mr. Brian Brady
Assistant U.S. Attorney
1301 New York Avenue NW
Washington DC, DC 20005

           RE:  Garcia, Jacob
                  Case No.: 1:22-CR-00118-DLF
                  <u>Compliance Status Letter</u>

Dear Mr. Brady,

On January 26, 2023, Jacob Garcia was sentenced in The District of Columbia by The Honorable U.S. District Court Judge Dabney L. Friedrich to a 2-year term of probation for the offense of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Jacob Garcia began his term of supervised release in the Northern District of Texas, Fort Worth Division, on January 26, 2023, and his expiration date is January 25, 2025.

On January 26, 2023, Mr. Garcia commenced his term of probation in the Northern District of Texas. On February 9, 2023, Mr. Garcia completed his initial intake with this officer. During this intake, all conditions of probation were reviewed with Mr. Garcia including the condition requiring him to serve 30-days of intermittent confinement. Mr. Garcia reported he was not given any specific instructions on how to serve this time and this officer was unaware as well considering this type of condition is not customary in the Northern District of Texas (TXN). On February 9, 2023, this officer emailed U.S. Probation Officer Jessica Reichler (USPO Reichler), District of Columbia, informing her that neither Mr. Garcia nor this officer had received any instructions regarding his intermittent confinement. Further, this officer asked if there was anyone Mr. Garcia could contact to commence this confinement period. On March 6, 2023, after not hearing back from USPO Reichler, this officer emailed her again requesting assistance. Again, on March 31, 2023, after receiving no response, this officer emailed USPO Reichler requesting assistance with Mr. Garcia serving his intermittent confinement. On March 31, 2023, USPO Reichler responded and said the Bureau of Prisons (BOP) can be backed up and there may be a longer wait, but the BOP would notify Mr. Garcia about his BOP placement once a facility was assigned.

On February 9, 2023, Mr. Garcia was evaluated by Pecan Valley Centers, Cleburne, Texas, for mental health services and it was determined that he did not require services at that time. On March 31, 2023, Mr. Garcia was deemed appropriate for the low-risk caseload.

In April and May 2024, the Northern District of Texas contacted The District of Columbia (DC) to request permission for Mr. Garcia to travel out of country on a cruise. DC inquired about Mr. Garcia's compliance and completion of the term of intermittent confinement. TXN disclosed the multiple attempts with DC to coordinate this term of confinement but ultimately, he has not

satisfied this condition. Sr. USPO Kenika Dixon (SrUSPO Dixon) and TXN collaborated to make a recommendation to the court to rescind the confinement condition and order Mr. Garcia to complete 90-days on home confinement (curfew). Mr. Garcia agreed to this modification and SrUSPO Dixon petition was submitted to the court on June 13, 2024. The Honorable U.S. District Judge Dabney L. Friedrich denied this modification request and ordered the U.S. Attorney and Defense to submit a recommended modification prior to the next hearing.

Since commencement of supervision, Mr. Garcia has been fully compliant with his conditions of probation. Considering Mr. Garcia has not willfully failed to complete his intermittent confinement and has been waiting on instructions from the BOP, this officer believes the intermittent confinement condition is no longer needed and recommends this condition be rescinded.

Should the Court require Mr. Garcia to serve a time of confinement, this officer believes a 90-day curfew would be appropriate. However, should the Court consider neither the intermittent confinement nor curfew, this officer believes Mr. Garcia has utilized the last 16 months of his 24-month term of probation to rehabilitate and is no longer in need of any form of confinement.

Respectfully Submitted,

s/Joseph Hunnicutt
U.S. Probation Officer
214-406-2238

Approved,

s/Darwin Shaw
Supervising U.S. Probation Officer
214-717-1304